UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK
-------------------------------------------------------------------
MARK FOGEL,

                      Plaintiff,                  Civil Action No.: 15-4701

        -against-                           **AMENDED COMPLAINT**

**EDWARD BLANCO, FERNANDO CAZARES,**
**JOSE BRIZUELA and THE CITY OF NEW YORK,**    **Plaintiff Demands a Trial by Jury**

                      Defendants.
-------------------------------------------------------------------X

       The Plaintiff, by his attorney, LAWRENCE P.WOLF, ESQ., complains of the Defendant as follows:

## JURISDICTION

1. This Court has jurisdiction over the first, second and third causes of action pursuant to 42 U.S.C 1983.

2. This Court has pendant jurisdiction over the State common law fourth cause of action.

## ALLEGATIONS

3. The plaintiff was, at all relevant times a resident of the County of Nassau and State of New York and a citizen of the United States.

4. The defendant, Edward Blanco, was and is a resident of the State of New York and was employed as a police officer by the defendant The City of New York at all relevant times upon information and belief.

5. The defendant, Fernando Cazares, was and is a resident of the State of New York and was employed as a police officer by the defendant The City of New York at all relevant times upon information and belief.

6. The defendant, Jose Brizuela, was and is a resident of the State of New York and was employed as a police officer by the defendant The City of New York at all relevant times upon information and belief.

7. The defendant, The City of New York, was at all relevant times, a municipal corporation organized pursuant to the laws of the State of New York.

8. On or about March 5, 2014, the plaintiff was arrested and imprisoned overnight and such incarceration continued for approximately 19 hours .

9. The defendants intended to confine the Plaintiff.

10. The plaintiff was conscious of the confinement.

11. The plaintiff did not consent to the confinement.

12. The confinement was not otherwise privileged.

13. Thereafter the defendants initiated a criminal proceeding against plaintiff.

14. The defendants knew that the arrest and incarceration were baseless and not sup ported by any evidence.

15.     After numerous Court proceedings, the criminal proceeding went to trial.

16.     On or about January 6, 2015, plaintiff Mark Fogel was acquitted of all charges against him, after trial. Defendants' case was dismissed after its witness testified; Plaintiff called no witnesses.

17.     The plaintiff was injured by reason of the foregoing.

18.     On March 17, 2015, the Plaintiff served a notice of this claim upon the defendant, The City of New York in compliance with the requirements of General Municipal Law § 50-e.

### FIRST CAUSE OF ACTION AGAINST EDWARD BLANCO IN HIS INDIVIDUAL CAPACITY

19.     The defendant, Edward Blanco, is a person within the meaning of 42 U.S.C 1983.

20.     Said defendant, acting under color of state law, subjected the plaintiff or caused the plaintiff to be subjected to the deprivation of a right secured by the Constitution of the United States and by statutes and caused him to suffer damages.

21.     By reason of the above the defendant is liable to plaintiff for money damages pursuant to 42 U.S.C. 1983.

### SECOND CAUSE OF ACTION AGAINST FERNANDO CAZARES
### IN HIS INDIVIDUAL CAPACITY

22. The defendant, Fernando Cazares, is a person within the meaning of 42 U.S.C 1983.

23. Said defendant, acting under color of state law, subjected the plaintiff or caused the plaintiff to be subjected to the deprivation of a right secured by the Constitution of the United States and by statutes and caused him to suffer damages.

24. By reason of the above the defendant is liable to plaintiff for money damages pursuant to 42 U.S.C. 1983.

### THIRD CAUSE OF ACTION AGAINST JOSE BRIZUELA
### IN HIS INDIVIDUAL CAPACITY

25. The defendant, Jose Brizuela, is a person within the meaning of 42 U.S.C 1983.

26. Said defendant, acting under color of state law, subjected the plaintiff or caused the plaintiff to be subjected to the deprivation of a right secured by the Constitution of the United States and by statutes and caused him to suffer damages.

27. By reason of the above the defendant is liable to plaintiff for money damages pursuant to 42 U.S.C. 1983.

## FOURTH CAUSE OF ACTION
## AGAINST THE CITY OF NEW YORK

28. The criminal proceeding referred to herein was brought and was continued against plaintiff.

29. The criminal proceeding referred to herein was terminated favorably to the plaintiff.

30. The criminal proceeding referred to herein was commenced without probable cause that plaintiff had committed a crime.

31. The proceeding was brought with malice and with the intent to injure the Plaintiff.

32. As a result of the aforesaid malicious prosecution, the plaintiff, Mark Fogel, was injured and suffered damages, including the cost of criminal defense.

**WHEREFORE**, the Plaintiff demands judgment against each of the defendants for and in the amount of $1,000,000.00 on each cause of action together with the costs and disbursements of this action.

Dated: New York, New York
April 1, 2016

                                                                                   *(signature)*
                                                                                   **LAWRENCE P. WOLF, ESQ.**
                                                                                   *Attorney for Plaintiff*
                                                                                   6 Hemlock Hills
                                                                                   Chappaqua, New York 10514
                                                                                   (914) 238-9242